# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **PATRICIA LOUISE YATES,** | )<br>) |
| Plaintiff, | ) Case No. 1:18CV00044<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendant. | ) |

*Vernon M. Williams,* WOLFE WILLIAMS & REYNOLDS, *Norton, Virginia, for Plaintiff; Evelyn Protano, Special Assistant United States Attorney,* OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, *Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I accept the report and recommendations of the magistrate judge.

Patricia Louise Yates challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 40-page report on January 31, 2020, in which she recommended that the court affirm the Commissioner's decision denying benefits. On February 6, 2020, the plaintiff filed written objections to the report.

The defendant responded to the objections on February 19, 2020, and the objections are now ripe for decision.

I must make a de novo determination of those portions of the report to which the plaintiff objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

In her objections, the plaintiff contends that the administrative law judge ("ALJ") erred by failing to properly consider her mental health impairments. She also contends that new evidence submitted to the Appeals Council warrants further evaluation. Finally, she argues that the ALJ erred by failing to properly evaluate and weigh the opinions of Lynda Warner, LCSW, who treated the plaintiff, and

Pamela Tessnear, Ph.D., who examined her at her attorney's request. Pl.'s Objs. 1, 2, 5, ECF No. 18.

I have reviewed the entire record, including the new evidence submitted to the Appeals Council. Based upon my careful consideration of the plaintiff's objections, the record, and the arguments of counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings and that the ALJ's decision was in accord with relevant case precedent. Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objections, ECF No. 18, are DENIED;

2. The magistrate judge's Report and Recommendations, ECF No. 17, are fully ACCEPTED;

3. Plaintiff's Motion for Summary Judgment, ECF No. 11, is DENIED;

4. The Commissioner's Motion for Summary Judgment, ECF No. 13, is GRANTED; and

5. A separate final judgment will be entered herewith.

    ENTER: March 12, 2020

    /s/ *JAMES P. JONES*
    United States District Judge